ELIAS THOMAS *vs.* LEWIS JOHNSON.

*Execution—levy of.*

If the execution debtor, upon being notified by the officer holding the precept to choose an appraiser to act in an extent of it refuses to make a choice, the officer need not wait till the expiration of the time stated in the notice before selecting the appraisers and proceeding to complete the levy.

ON EXCEPTIONS.

REAL ACTION. Both parties claim under William B. Freeman, a former owner of the demanded premises; the demandant by virtue of a levy made December 12, 1872, and the tenant under a deed from Freeman to him dated and delivered March 29, 1871, but not recorded till August 12, 1872. The only question is whether the levy was invalidated by reason of the statement of the officer in his return upon the execution under date of December 12, 1872, that he gave notice to said Freeman to choose an appraiser and allowed him a reasonable specified time therefor, to wit, two days, and upon his refusal to select, chose one for him and completed the levy. At the time the land was conveyed by Freeman to Johnson, the latter mortgaged it back to Freeman, and this mortgage was forthwith recorded. The tenant claimed that the demandant, at the time of the attachment upon the original writ, had actual knowledge of the deed from Freeman to him; but this Mr. Thomas denied, though he admitted he knew

of it before making the levy. The question of actual notice was left to the jury who found for the demandant under an instruction by the court "that so far as the trial of this case was concerned the levy was legal; that all the forms of law necessary in order to make a legal levy had been complied with;" to which the tenant excepted.

*John A. Waterman* for the tenant.

Under date of December 12, 1872, the officer returns that he notified the debtor that he was allowed two days for the choice of an appraiser, and then proceeded himself to choose for the debtor. If it be said that we may infer that the notice was given two days before the twelfth, the answer is that in these proceedings nothing can be left to inference but upon their face they must show a clear legal title, especially as against a tenant in possession under a warrantee deed. *Boynton* v. *Grant*, 52 Maine, 229.

Suppose through petulance or perversity the debtor did, at the first reception of the notice, refuse to select his appraiser, and say he would make no choice; he was entitled to the allotted two days, within which to reflect upon it and determine his course and his selection.

*T. H. Haskell* for the demandant.

DANFORTH, J. The plaintiff's title to the land in question depends upon the validity of his levy, to which a single objection is made, viz: an insufficiency in the notice by the officer to the debtor to choose an appraiser, or a non-compliance with its terms on the part of the officer in not waiting for the expiration of the two days allowed. Whether he did so or not, may not be entirely certain from the language of the return, but upon the authority of *Fitch* v. *Tyler*, 34 Maine, 468, and *Howe* v. *Wildes*, Id., 574, the subsequent statement in the return "the said debtor refusing to choose an appraiser," renders it entirely immaterial; as such a refusal is a waiver of the debtor's rights in that respect.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.